Eastern District of Kentucky
FILED
NOV 23 2026
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:26-CR-141-REW
6:26-CR-115-REW

UNITED STATES OF AMERICA 6:26-mg-6124-HAI PLAINTIFF

V. **BINDING PLEA AGREEMENT**

BRAYDEN MARSILLETT DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts One through Eleven of the Information. Counts One, Two, Five, Eight and Eleven of the Information charge violations of 18 U.S.C. § 875(c), Interstate Threatening Communications. Counts Three, Six, and Nine charge violations of 18 U.S.C. § 844(e), False Interstate Threats to Bomb. Counts Four, Seven, and Ten charge violations of 18 U.S.C. § 32(c), Threats to Destroy a Civil Aircraft. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence with respect to the term of imprisonment, the term of supervised release, and fine. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, then the agreed disposition will be in the judgment.

2. The essential elements of 18 U.S.C. § 875(c) are:

(a) The Defendant knowingly transmitted a communication in interstate or foreign commerce;

(b) The content of the communication contained a true threat—that is, a serious threat made under circumstances that would place a reasonable person in fear of being injured—to injure or kill another person; and

(c) The Defendant subjectively intended the communication as a true threat or had knowledge that it would be viewed as a true threat.

The essential elements of 18 U.S.C. § 844(e) are:

(a) The Defendant used or caused to be used an instrument of interstate or foreign commerce to send a communication; and

(b) The Defendant willfully included or caused to be included in that communication a threat to, by means of fire or explosive,

(i) kill, injure, or intimidate any individual; or

(ii) unlawfully damage or destroy any building, vehicle, or other real or personal property.

The essential elements of 18 U.S.C. § 32(c) are:

(a) The Defendant willfully imparted or conveyed a threat to:

(i) place or cause to be placed, in a manner likely to endanger the safety of an aircraft, a destructive device or substance in, upon, or in proximity to any civil aircraft used, operated, or employed in interstate or foreign air commerce or any part or other materials used or intended to be used in connection with the operation of such aircraft; or

(ii) set fire to damage, destroy, or disable any air navigation facility or interfere by force or violence with the operation of such facility, in a manner likely to endanger the safety of any such aircraft in flight; and

(b) The Defendant had an apparent determination and will to carry the threat into execution.

3. As to Counts One through Eleven of the Information, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) In or about the period of time between August 2025 and May 2026, in Floyd County, in the Eastern District of Kentucky, the Defendant, as a member of "the Com" (a loose online network that includes 764, No Lives Matter, Harm Nation, Revenant, Kitty Mafia, and other nihilistic groups whose adherents promote chaos), engaged in a series of threatening communications to facilities, including a hospital, airports, and a school, in various localities across the country.

(b) On or about August 24, 2025, in Floyd County, the Defendant utilized an internet-based Google voice-over IP phone number to call Miami-Dade police. During the call, the Defendant threatened to perpetrate a shooting spree at the Jackson Memorial Hospital in Miami, Florida. During the call, the Defendant stated that he would kill anyone who approached him.

(c) On or about November 25, 2025, in Floyd County, the Defendant utilized an internet-based Google voice-over IP phone number to place a call to the Nashville International Airport in Tennessee. During the call, the Defendant threatened to detonate several bombs that he claimed had been placed around the airport. The Defendant threatened that, following detonation of the bombs, he would commence a mass shooting in the airport terminal. The Defendant conveyed that one of the bombs was located in a specific airport terminal. The location of that bomb would have been likely to damage the safety of aircraft parked beside the terminal. The Defendant further conveyed that the bombs would go off after a specified amount of time. The aircraft at the Nashville International Airport are operated and employed in interstate and foreign commerce.

(d) On or about November 30, 2025, in Floyd County, the Defendant utilized an internet-based Google voice-over IP phone number to place a call to the San Francisco International Airport in California. During the call, the Defendant threatened to detonate several bombs that he claimed had been placed around the airport. The Defendant threatened that, following detonation of the bombs, he would commence a mass shooting in the airport

terminal. The Defendant conveyed that one of the bombs was located in a specific airport terminal. The location of that bomb would have been likely to damage the safety of aircraft parked beside the terminal. The Defendant further conveyed that the bombs would go off after a specified amount of time. The aircraft at the San Francisco International Airport are operated and employed in interstate and foreign commerce.

(e) On or about March 8, 2026, in Floyd County, the Defendant utilized an internet-based Google voice-over IP phone number to place a call to the Kansas City International Airport in Missouri. During the call, the Defendant threatened to detonate several bombs that he claimed had been placed around the airport. The Defendant threatened that, following detonation of the bombs, he would commence a mass shooting in the airport terminal. The Defendant conveyed that one of the bombs was located in a specific airport terminal. The location of that bomb would have been likely to damage the safety of aircraft parked beside the terminal. The Defendant further conveyed that the bombs would go off after a specified amount of time. The aircraft at the Kansas City International Airport are operated and employed in interstate and foreign commerce.

(f) On or about May 4, 2026, in Floyd County, the Defendant utilized an internet-based Google voice-over IP phone number to place a call to Conestoga High School in Berwyn, Pennsylvania. During the call, the Defendant conveyed that he was on his way to the high school with an AR-15 rifle and intended to shoot everyone present.

4. The statutory punishment for 18 U.S.C. § 875(c), which is charged in Counts One, Two, Five, Eight, and Eleven, is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The statutory punishment for 18 U.S.C. § 844(e), which is charged in Counts Three, Six, and Nine, is imprisonment for not more than 10 years, not more than a $250,000 fine, and not more than 3 years of supervised release. The statutory punishment for 18 U.S.C. § 32(c), which is charged in Counts Four, Seven, and Ten, is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than

3 years. A mandatory special assessment of $1,100 applies, and the Defendant will pay this assessment as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations. This recommendation does not bind the Court.

a. The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guideline range.

b. Pursuant to U.S.S.G. §2A6.1, Application Note 4, and U.S.S.G. § 3D1.2, the counts are grouped for guideline calculation purposes as follows:

(i) Group 1 consists of Count 1
(ii) Group 2 consists of Counts 2-4
(iii) Group 3 consists of Counts 5-7
(iv) Group 4 consists of Counts 8-10
(v) Group 5 consists of Count 11

c. Pursuant to U.S.S.G. § 2A6.1 the base offense level for each group is 12.

d. Pursuant to U.S.S.G. § 2A6.1(b)(4), increase the offense level of all five groups by 4 levels because the offense resulted in substantial disruption of public, governmental, or business functions or services.

e. Pursuant to U.S.S.G. § 3B1.4, increase the offense level of Group 1 by 2 levels because the defendant used a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, resulting in a total offense level for Group 1 of 18.

f. Pursuant to U.S.S.G. § 3A1.2(a) and (b), increase the offense level of Groups 2 through 4 by 6 levels because the victims were government officers or employees, the offense of conviction was motivated by such status, and the applicable Chapter Two guideline is from Chapter Two, Part A, resulting in a total offense level for Groups 2 through 4 of 22.

g. Pursuant to U.S.S.G. § 3D1.4, the combined offense level of Groups 1 through 5 is 26.

h. Pursuant to U.S.S.G. § 3E1.1(a), and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level pursuant to U.S.S.G. § 3E1.1(b) based on the Defendant's timely notice of intent to plead guilty.

6. The United States and the Defendant agree to the following sentence with respect to the term of imprisonment and term of supervised release, which binds the Court upon acceptance of this plea agreement:

(a) The Defendant's term of imprisonment shall be 34 months.

(b) The Defendant's term of supervised release shall be 3 years.

(c) The Defendant shall not be assessed a fine.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States agrees to recommend that the Defendant serve his full term of incarceration in a Bureau of Prisons contract juvenile facility.

10. The Defendant agrees to withdraw the motion to dismiss filed in Case No. 6:26-CR-115-REW-HAI.

11. The Defendant—after full consultation with his counsel regarding his rights under 18 U.S.C. § 5032, including his right to a transfer hearing, and upon advice of

counsel—voluntarily agrees to request to be proceeded against as an adult for purposes of criminal prosecution. The Defendant will submit this request in writing in Case No. 6:26-CR-115-REW-HAI.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
UNITED STATES ATTORNEY

Date: 11/23/26 By: ______________________
Justin E. Blankenship
Assistant United States Attorney

Date: 11-23-2026 ______________________
Brayden Marsillett
Defendant

Date: 11-23-2026 ______________________
Christy Love
Guardian ad Litem

Date: 11/23/26 ______________________
Patrick F. Nash
Attorney for Defendant